**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN GREGORY HAND,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | **NO. 25-CV-6863** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BARTLE, J.**                                                                          **FEBRUARY 24, 2026**

Plaintiff Kevin Gregory Hand initiated this civil action against the City of Philadelphia

("the City"), the Philadelphia Sheriff's Office, KRR Capital LLC ("KRR Capital"), and John and

Jane Does #1-10, alleging claims under federal civil rights laws and to quiet title under

Pennsylvania law.  (ECF No. 1.)  Hand also filed motions for a temporary restraining order, for

permission to file electronically, and to file oversized exhibits, but did not submit the filing fee.

(ECF Nos. 2, 3, 4.)  After the Clerk directed him to either submit the filing fee or a motion to

proceed *in forma pauperis*, Hand filed a motion to proceed *in forma pauperis*, which the Court

granted.  (ECF Nos. 8, 9, 10.)  Hand then filed an Amended Complaint plus Exhibits.[1]  (ECF No.

---

[1] The Court received Hand's Amended Complaint on January 14, 2026, and it superseded the original Complaint.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." (citation omitted)).  While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*).  The submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff" if he has not realleged them in the amended complaint. *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).

11.)  The matter is now ripe for screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court

will dismiss the Amended Complaint and deny the remaining motions as moot.

## I.    FACTUAL ALLEGATIONS[2]

Hand states that he resides at 18 South 55th Street in Philadelphia ("the property").  (Am.

Compl. at 2.)  He claims to be the beneficiary of the "KGH-Trust", of which Nanya-Nashut: El is

the trustee.  (*Id*.)  This civil action relates to a foreclosure action on the property filed in the

Court of Common Pleas of Philadelphia County, due to unpaid taxes.  (*Id*. at 2, 5.)

Hand claims that, in May 2008, the City's Department of Revenue assessed delinquent

taxes on the property.  (*Id*. at 2.)  Hand alleges that insufficient notice was provided, and that the

KGH-Trust "timely rebutted" the assessment by sending various documents to city solicitors and

"fiduciary officials," including a "Notice of International Diplomatic Status," "Notice of

International Diplomatic Identification," "Original Title 18 Notice," and a "Repudiation of

Citizenship."  (*Id*. at 2-3.)  Hand states that he "also transmitted administrative offsets via the

KGH-Trust pursuant to 53 P.S. § 7293, which the City neglected to process."  (*Id*. at 3.)  The

City allegedly moved forward with a Sheriff's Sale on September 27, 2012.  (*Id*.)  On January

10, 2013, a WJM Lock Service employee, acting for the purported purchaser at the Sheriff's

Sale, arrived at the property to re-key the locks.  (*Id*.)  That employee "refused to disclose the

identity of their client or provide any information regarding the alleged tax debt, the sheriff's tax

---

[2] The factual allegations are taken from Hand's Amended Complaint ("Am. Compl.") and attached Exhibits.  (ECF No. 11.)  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.  Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.  The Court may consider matters of public record when conducting a screening under § 1915.  *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

sale, or the deed, stating that the property had been sold at sheriff's sale." (*Id*.)  The City

"likewise refused to offset or resolve the tax debt." (*Id*.)  The locksmith refused to disclose the

identity of the purchaser, but Hand obtained a business card containing the purchaser's name and

phone numbers.  (*Id*.)  Hand alleges that he did not receive due process regarding a petition for

redemption or acknowledgement of the deed.[3]  (*Id*. at 3-4.)

---

[3] Hand attaches 173 pages of exhibits to the Amended Complaint, of which a large part consists of documents making sovereign-citizen-style arguments.  (*See*, *e.g.*, ECF No. 11-4 at 1-103.)  As best the Court can discern, Hand argues that he is exempt from paying taxes because of his sovereign status.  For example, Hand includes a "Notice of Complaint" dated January 28, 2013, purportedly sent by the "The Kevin Gregory Hand Estate" to the City's then-revenue Commissioner, claiming "kevin gregory of the House of hand, AKA kevin gregory hand, the Divine Spirit having a human experience, in his private capacity as a living being is an internationally protected person and a foreign official in relation to the legal fiction Keith Richardson, Philadelphia Revenue Commissioner."  (ECF No. 11-5 at 6 (emphasis omitted).)  The "Complaint" further provided that "revenue 'laws' are voluntary; are to be charged against government employees only; are a tool for extracting booty from the enemies of the state."  (*Id.*)  Courts have summarily rejected these arguments and concepts as frivolous.  *See Ewans v. New Jersey*, No. 25-1368, 2025 WL 2630569, at *1 (3d Cir. Sept. 12, 2025) (*per curiam*) (summarily affirming dismissal of complaint "replete with sovereign-citizen-like legal jargon"); *Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054, at *1 (3d Cir. May 4, 2022) (*per curiam*) (affirming dismissal, without leave to amend, of complaint composed "largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable").  Courts have also rejected the specific argument that Hand appears to advance here—that his status as a sovereign exempts him from paying taxes.  *See, e.g.*, *Smiles v. County of Berks*, No. 17-3543, 2017 WL 3496486, at *1 (E.D. Pa. Aug. 14, 2017) (rejecting as frivolous the plaintiff's argument that he should not be subject to local property tax because he is a sovereign citizen and "because he is an individual rather than a corporation"); *Bey v. Indiana*, 847 F.3d 559, 559-60 (7th Cir. 2017) (rejecting plaintiff's argument that he is "a 'sovereign citizen' and therefore can't lawfully be taxed by Indiana or its subdivisions in the absence of a contract between them and him"); *Adams v. United States*, No. 19-4665, 2019 WL 2491597, at *1 (S.D.N.Y. May 29, 2019) (dismissing complaint as frivolous where sovereign citizen plaintiff alleges "he is not subject to any legal obligations, including the obligation to pay taxes"); *Aran v. Dep't of Treasury & Internal Revenue Serv.*, No. 21-4748, 2022 WL 377957, at *3 (E.D.N.Y. Feb. 8, 2022) ("Courts have resoundingly rejected the particular sovereign-citizen type of claim Plaintiff appears to advance here, namely, that his status as a sovereign citizen relieves him of his obligation to pay taxes." (collecting cases)); *Hebold v. United States*, No. 25-474, 2025 WL 2969164, at *1 (D. Me. Oct. 21, 2025) (stating that sovereign citizen legal theory that he is not obligated to pay taxes is "patently meritless" and has been "widely rejected by courts across the country" (collecting cases)), *report and recommendation adopted*, No. 25-474, 2025 WL 3161638 (D. Me. Nov. 12, 2025).

The resolution of the 2012-2013 proceedings is unclear, but Hand next contends in the Amended Complaint that "[f]rom November 4, 2022, through 2026[,] Defendant Solicitor James Joseph Zwolak . . . had actual knowledge of documentation evidencing that Plaintiff Kevin-Gregory: Hand, with the Tribal Trust Attribute Nanya-Nashut: El, is the lawful owner of the trademark/brand characteristics and had lawfully set off and fully discharged the underlying tax debt obligation." (*Id*. at 5.)  The City commenced a foreclosure action on the property in the Court of Common Pleas of Philadelphia County on October 23, 2023, due to the tax debt.  *City of Philadelphia v. Hand*, Civ. No. 25-5998 (E.D. Pa.) (ECF No. 2 at 2).  According to an Affidavit of Service of Decree executed by Zwolak, the Court of Common Pleas granted the City's petition to sell the property.  *Hill v. City of Philadelphia*, Civ. No. 25-6863 (ECF No. 11-2 at 20).  Copies of the Court's decree and notices listing the time, date, and place of the sheriff's sale were served on November 22, 2024, by first class mail on Hand, Nanya-Nashut El, Nanya-Adhiym El, "Occupant," and "K.G.H. Trust" at the property address, and also served on Hand and the Trust at several other Philadelphia addresses.[4]  (*Id*. at 20-22.)  The property was sold at a sheriff's sale on December 18, 2024.  (Am. Compl. at 5.)  Hand claims that, on January 13, 2025, representatives of KRR Capital trespassed on the property, and that, on January 14, 2025, representatives attempted to forcibly enter the property.  (*Id*.)  Hand reported these and a "related trespass" on August 20, 2025, to the Philadelphia Police Department and recorded them on video.  (*Id*. at 5-6.)

---

[4]  The Affidavit of Service notes that the Trust was also served at P.O. Box 19297, Philadelphia, PA  19143, and that Hand was served at 5538 Irving Street, Philadelphia, PA 19139-3928; P.O. Box 19297, Philadelphia, PA 19143; and 533 South 60th Street, Philadelphia, PA  19143.  (*Id*. at 20-22.)

Tax Title Services sent KGH-Trust a letter dated March 5, 2025, noting that the property was sold pursuant to a Bureau Tax Sale Deed. (*Id*. at 6; ECF No. 11-2 at 17.)  In the letter, the Tax Title representative stated that the company's records reflected that KGH had an interest in the property that was now foreclosed on through the tax sale, and that the new owner requested that KGH execute a Release to obtain marketable title. (ECF No. 11-2 at 17-18.)  Hand contends that this letter shows that KGH-Trust did not receive adequate notice. (Am. Compl. at 6.)  Hand also claims "procedural flaws" (*id*. at 7 (capitalization omitted)), in the sheriff's sale.  He asserts that the sale triggered his redemption rights pursuant to Pennsylvania law, and that he did not need to wait to file a redemption petition until the acknowledgement of the Sheriff's Poll Deed on May 29, 2025. (*Id.* at 7-8, 9.)

This lawsuit is Hand's second recent action in this Court pertaining to the property.  In October 2025, Hand attempted to remove the actions for foreclosure, *City of Philadelphia v. Hand*, No. 2310T0101 (C.P. Philadelphia), and ejectment, *KRR Capital, LLC v. All Occupants of 18 South 55th*, No. 250900655 (C.P. Philadelphia), from the Philadelphia Court of Common Pleas to this Court.  *See City of Philadelphia v. Hand*, Civ. No. 25-5998 (E.D. Pa.).  The Court promptly remanded the matter to state court because it lacked subject matter jurisdiction.  *See id.* (ECF No. 7).  Hand initiated this new civil action in December 2025. (*See Hand*, Civ. No. 25-6863 (ECF No. 1).)  Hand's Amended Complaint asserts claims under § 1983 for a violation of due process, under 28 U.S.C. § 1985 for conspiracy to violate his civil rights, and under state law for slander of title, breach of trust/fiduciary duty, and unclean hands. (*Id.* (Am. Compl. at 8-12).)  He seeks declaratory judgment that the 2024 sale was void, that the taxes were offset, and overage/redemption rights restored. (*Id*. at 12.)  He also requests a permanent injunction to stop his lockout and restore possession of the property, plus money damages. (*Id.*)

## II.   STANDARD OF REVIEW

Because the Court granted Hand *in forma pauperis* status, the Court must screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the amended complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 244).

Also, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

6

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Proposed Addition of Plaintiffs to Action in Amended Complaint

In his Amended Complaint, Hand purports to add new Plaintiffs to the action: Nanya-Nashut: El, as the trustee of KGH Trust, and "[a]ll occupants of 18 South 55th Street, Philadelphia, PA 19139" because they have "possessory interests in the property."  (Am. Compl. at 2.)  Because Hand cannot represent the interests of others *pro se*, any claims of those proposed plaintiffs will be dismissed.

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit,

and other courts in various contexts.  *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

Hand thus cannot represent Nanya-Nashut: El, the KGH-Trust, nor any other occupants of the property *pro se*.  Further, none of the other proposed plaintiffs has signed the Amended Complaint under Federal Rule of Civil Procedure 11, nor have they paid the filing fee or submitted a motion to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915.  For these reasons, any claims purportedly filed on behalf of any parties aside from Hand will be dismissed without prejudice.

**B.      Requests for Declaratory Judgment and Injunctive Relief**

Hand asks for a declaration that the 2024 sale of the property was void, that the taxes were offset, and that his overage or redemption rights were restored in the eviction proceeding. (Am. Compl. at 12.)  However, to the extent that these requests seek to have the Court enter declaratory relief concerning past conduct, the Court cannot entertain them.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not " meant simply to proclaim that

one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

Hand also asks that the Court to "Stop writ/lockout" and to "restore possession," (Am. Compl. at 12), but this type of relief would necessarily interfere with the state foreclosure and ejectment cases. The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'"— authorization by Congress, necessary for aid of jurisdiction, or to protect a judgment, which are to be construed narrowly. *Id.* (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting

9

weight of authority in the Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affs.*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action." ); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by the Anti-Injunction Act).

Because the Court cannot award declaratory judgment based on the adjudication of the Defendants' past actions and is prohibited from interfering in the state court foreclosure and ejection processes, the Court will dismiss Hand's requests for declaratory and injunctive relief.

**C.      § 1983 Claims**

Hand raises a claim for damages pursuant to 42 U.S.C. § 1983, alleging that his Fourteenth Amendment rights were violated by the actions of KRR Capital, the City, and the Sheriff's Office.  (Am. Compl. at 8-9.)  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *see also Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The

color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### 1. Philadelphia Sheriff's Office

Although municipalities and other local governments units are deemed "persons" subject to liability under § 1983, *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 (1978), sheriff's departments cannot be sued in conjunction with a county because they are merely arms of the county, not separate entities, *Dobson v. Owens*, No. 89-2163, 1989 WL 37140, at *1 (E.D. Pa. Apr. 13, 1989) (holding that Philadelphia Sheriff's Department is not a person for § 1983 purposes); *Open Inns, Ltd. v. Chester Cnty. Sheriff Dep't*, 24 F. Supp. 2d 410, 417 n.13(E.D. Pa. 1998) (dismissing claim against sheriff's department because it is only a sub-unit of the county); *see also Bosenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) (for purposes of § 1983 claims, municipalities and police departments are treated as single entity). The Philadelphia Sheriff's Department is an agency of the City. *See* 53 Pa. Stat. Ann. § 13132(c) ("Subject to the provisions of the Philadelphia Home Rule Charter and the First Class City Home Rule Act . . . the Council of the City of Philadelphia shall have full powers to legislate with respect to the election, appointment, compensation, organization, abolition, merger, consolidation, powers, functions and duties of the Sheriff. . . .") Because Hand has named the City of Philadelphia as a Defendant, the Sheriff's Department, a branch of the City, cannot be sued as an individual entity. Accordingly, the claim against the Sheriff's Department is dismissed with prejudice.

### 2. KRR Capital

Hand alleges that KRR Capital violated his rights to due process, but that entity is not a "state actor" as that term is used in § 1983. In his Amended Complaint, Hand identifies KRR

11

Capital as a Delaware company that purchased the property at the December 2024 tax sale. (Am. Compl. at 2.) As Hand asserted in his prior civil action No. 25-5998 in this Court—and as publicly-available dockets confirm—KRR Capital brought an ejectment action in the Court of Common Pleas in September 2025 against the occupants of the property. *See KRR Capital, LLC v. All Occupants of 18 South 55th*, No. 250900655 (C.P. Philadelphia). Hand claims that representatives of KRR Capital "trespassed" on the property in January and August of 2025.[5]

Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Applying these tests, courts have determined that parties who purchase property at a foreclosure sale or who use state courts to pursue legal remedies such as ejectment

---

[5] To the extent that this factual assertion reads more like a Fourth Amendment claim, the same requirement for state action governs, and KRR Capital is not a state actor for purposes of § 1983.

are not state actors.[6] *Mu'min v. Morse*, No. 19-0718, 2019 WL 1514557, at *2 (E.D. Pa. Apr. 5, 2019) ("Purchasing a property at a Sheriff's sale . . . and taking actions to evict an occupant of a property so purchased, do not convert private individuals into 'state actors.'" (first citing *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003); and then *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"))); *Mosley v. Green*, No. 23-1665, 2023 WL 4935001, at *4 (E.D. Pa. Aug. 2, 2023) (concluding that the purchaser of a property at a sheriff's sale does not convert that party into a state actor under § 1983), *aff'd*, No. 23-2406, 2024 WL 1299971 (3d Cir. Mar. 27, 2024).  The § 1983 claims asserted against KRR Capital will be dismissed with prejudice.

### 3.  John/Jane Does

Although Hand lists "John/Jane Does 1-10" among the Defendants, he includes no factual allegations about such individuals in his Amended Complaint.  (Am. Compl. at 2.)  Hand describes them in the Amended Complaint in only the most vague and conclusory of terms: "unknown officials involved in violations."  (*Id*.); *see Iqbal*, 556 U.S. at 678 (stating that conclusory allegations do not suffice to state a plausible claim)).  To the extent that this meager statement could be considered as an "allegation," it falls far short of Federal Rule of Civil

---

[6] This concept should not be a new one to Hand, who has attempted on at least two prior occasions to bring federal civil rights claims against mortgage lenders foreclosing on other real estate properties in which Hand apparently had an interest.  *See Nanya-Nashut ex rel. Hand v. Centex Home Equity Corp.*, No. 03-3661, 2003 WL 22871667, at *2 (E.D. Pa. Dec. 2, 2003) (finding no state action by mortgage lender using foreclosure procedures); *Nanya-nashut ex rel. Hand v. BankOne*, No. 03-4022, 2003 WL 22078022, at *2 (E.D. Pa. Sept. 9, 2003) (stating that, even if defendant mortgage company engaged in unlawful state foreclosure proceeding, it was not a state actor) (citation omitted)).

Procedure 8's basic pleading requirements, as that rule requires that a claim is "based on facts, not legal conclusions." *Ryan v. Robinson*, No. 22-1175, 2024 WL 5135622, at *1 (D.N.J. Dec. 17, 2024) (citing *Iqbal*, 556 U.S. at 678). There is no cognizable legal or factual claim to which any defendant could respond. *Garrett*, 938 F.3d at 94; *see Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

More specifically, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As pleaded in the Amended Complaint, Hand cannot rely on his repeated, generic reference to "Defendants" to allege constitutional claims against the John/Jane Does. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). He makes no allegations concerning what any particular individual did or did not do to violate his rights. Hand does not even provide an indication of whether the Does are parties that would be state actors, which is a threshold issue for § 1983 liability. *Groman*, 47 F.3d at 638. In sum, Hand's Amended Complaint does not plead a plausible civil rights claim under § 1983 against so-called John/Jane Doe Defendants. Because this is his second attempt to make proper allegations under § 1983 against John/Jane Doe Defendants and he has not provided any more factual details than before, the claims against the John/Jane Does will be dismissed with prejudice.

14

### 4.   City of Philadelphia

Hand also names the City of Philadelphia as a Defendant.  His § 1983 claim vaguely alleges that "the Defendants" failed to provide notice of the tax sale overage claim after the Sheriff's sale, and that his redemption rights were disregarded.[7]  (Am. Compl. at 8-9.)  The Court understands him to assert procedural due process claims under the Fourteenth Amendment against the City.  A municipality like the City of Philadelphia is not vicariously liable under § 1983 for the actions of its employees.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))).  Rather, to plead a basis for municipal liability against a city or other municipality under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or a custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."  *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular

---

[7] In his factual synopsis in the Amended Complaint, Hand recounts events from 2008-2013 that do not appear to be relevant to the present events, and while he avers a lack of due process at the time, he does not include the factual allegations in his legal due process challenge here. (*See* Am. Compl. at 3-4; 8-9.)  A claim based on those events from 2008-2013 would nonetheless appear to be barred by Pennsylvania's two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (noting that the Pennsylvania statute of limitations for a personal injury action is two years and citing 42 Pa. Cons. Stat. § 5524(2)).

constitutional violation" alleged. *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Nowhere in the Complaint does Hand allege that the conduct of which he complains resulted from a municipal policy or custom. Hand's conclusory assertions that his Fourteenth Amendment rights were violated because he was not adequately notified of "the tax sale overage claim following the Sheriff's Sale" does not reference or suggest that any municipal policy is at issue. *See, e.g.*, *Phillips v. Northampton County*, 687 F. App'x 129, 132 (3d Cir. 2017) (*per curiam*) (affirming dismissal of *Monell* claims where the complaint contained " wholly conclusory and highly generalized assertions about unspecified patterns of misconduct" based on " no facts to support the existence of any policy, custom, or practice beyond those involving [the plaintiff's] own [experiences]"). It follows that Hand has not alleged any connection between a municipal policy on one hand and his alleged injuries on the other. *Est. of Roman*, 914 F.3d at 798. The claim alleged against the City will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      § 1985 Claim**

42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v.*

16

*Arnold*, 112 F.3d 682, 685 (3d Cir.1997).  Significantly, "[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action."  *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"); *Hauptmann v. Wilentz*, 570 F. Supp. 351, 386 (D.N.J. 1983) ("If the conspiracy only affects the plaintiff individually, the allegations will not satisfy the class-based animus requirement."), *aff'd sub nom., Appeal of Hauptmann*, 770 F.2d 1070 (3d Cir. 1985).

Hand's § 1985(3) claim does not mention any discriminatory animus based on race or class, (*see* Am. Compl. at 9-11), and nothing in the rest of the Amended Complaint suggests any factual basis for race or class-based discrimination.  Further, the allegations only discuss the harms that allegedly affected Hand (and the other purported plaintiffs who occupy the property).  Hand's § 1985(3) claim is not plausible and will be dismissed.  To the extent that Hand is also asserting a claim under 42 U.S.C. § 1986 (*see* Am. Compl. at 1), the absence of a § 1985 claim is also fatal to his § 1986 claim.  *Dennison v. Pa. Dep't. of Corr.*, 268 F. Supp. 2d 387, 402 n.10 (M.D. Pa. 2003) (citations omitted); *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) ("to maintain a cause of action under § 1986, [plaintiff] must show the existence of a § 1985 conspiracy.").

### E.   State Law Claims

Because the Court has dismissed Hand's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the

17

only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants

a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'

even though only minimal diversity is constitutionally required.  This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

(internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled,

meaning the state where he is physically present and intends to remain.  *See Washington v.*

*Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity

of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co.,*

*Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity

cases, the plaintiff must demonstrate complete diversity between the parties and that the amount

in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL

3498131, at *8 (E.D. Pa. June 26, 2020).

It is clear from the face of the Amended Complaint that the Court lacks diversity

jurisdiction over this matter.  Hand states that he is a "Pennsylvania state national" residing in

Philadelphia, and he sues the City of Philadelphia in this action.  (Am. Compl. at 2.)  Both of

those parties are domiciled in Pennsylvania.  *Walthour v. City of Philadelphia*, No. 20-0068,

2020 WL 7056490, at *2 (E.D. Pa. Dec. 2, 2020) (noting, for purposes of assessing diversity

jurisdiction, that the City of Philadelphia is domiciled within the Commonwealth of

Pennsylvania).  Because the parties are not sufficiently diverse for purposes of establishing the

18

Court's jurisdiction over any state law claims, those claims will be dismissed for lack of jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss any claims that Hand has attempted to assert *pro se* on behalf of others without prejudice.  All other federal claims will be dismissed with prejudice.  The state law claims will be dismissed without prejudice for lack of jurisdiction. The Court concludes that any attempt by Hand to further amend the Complaint would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").  Hand's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), Emergency Motion for Permission to Electronically File (ECF No. 3), and Emergency Motion for Leave to File Oversized Exhibits (ECF No. 4) will be denied as moot.

An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).